UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:03-CR-0243-LRS-1 |
| Plaintiff, | **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |
| vs. | |
| ABEL MENDOZA, JR., | |
| Defendant. | |

BEFORE THE COURT is *pro se* federal prisoner Abel Mendoza's Motion to Vacate, Set Aside, or Correct his Sentence under section 2255 of Title 28 of the United States Code. (ECF No. 71). Mendoza contends the court should resentence him relying upon the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016) and subsequent circuit court opinions. ECF No. 71 at 5-7. He contends his prior Washington state felony drug conviction for Unlawful Delivery of Cocaine (1) does not qualify as a "serious drug offense" pursuant to 18 U.S.C. § 3559; and (2) is an indivisible statute, and therefore it should not have been used as a basis for the statutory enhancement under 21 U.S.C. § 851 that resulted in his 120-month sentence for Distribution of 5 Grams or More of Cocaine Base.

This Motion must be denied per preliminary § 2255 Rule 4 review.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court. 28 U.S.C. § 2255(f). A § 2255 movant generally must file his claim

ORDER - 1

for relief within one year of the date when his conviction becomes final. *Id*. at § 2255(f)(1). Mendoza's conviction became final in April 2010. Because Mendoza did not file the current §2255 motion until June 26, 2017, his motion is untimely under § 2255(f)(1), unless it falls within an exception.

Mendoza relies upon the Supreme Court's decision in *Mathis*, issued on June 23, 2016, as the starting point for calculating the one-year limitation period. Under § 2255(f)(3), the one-year limitation period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, Mendoza's reliance of § 2255(f)(3) is misplaced. *Mathis* addressed the application of the *Armed Career Criminal Act (ACCCA)* and outlined the process for determining whether a state-court conviction qualifies as an enumerated violent felony listed in 18 U.S.C. §924(e)(2)(B)(ii). The *Mathis* court provided guidance for determining whether a predicate statute of conviction is divisible, however the decision was dictated by prior precedent. *Mathis*, 136 S.Ct. at 2257 ("Our precedents make this a straightforward case."). *Mathis* did not provide a new right declared retroactive by the Supreme Court. *See United States v. Taylor*, 672 Fed.Appx. 860, 864–65 (10th Cir. 2016); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Accordingly, Mendoza's §2255 claim contesting the basis for his §851 enhancement is untimely under 28 U.S.C. §2255(f).

Notwithstanding the court's conclusion, even if Mendoza's claims were not time barred, they could not succeed on the merits. Mendoza agreed as part of his plea agreement that his offense of conviction carried with it a mandatory minimum

ORDER - 2

10-year sentence due to the filing of §851 notice. Mendoza was not sentenced pursuant to ACCA or 18 U.S.C. §3559, but rather, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) and 851. Section 841(b)(1)(B) does not require that a predicate felony drug offense qualify as a "serious" drug offense under 18 U.S.C. § 3559(c)(2)(H). Neither §3559 nor *Mathis* have any bearing on Mendoza's sentence.

For these reasons, Mendoza's § 2255 Motion (ECF No. 71) is **DENIED** as time-barred and the associated civil case is **DIMISSED** with prejudice.

Further, as there is no showing that reasonable jurists could debate whether the issue could have been resolved differently, a certificate of appealability is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to the pro se Defendant and to all counsel of record.

IT IS SO ORDERED.

DATED this 17th day of August, 2017.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE